UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-559-H

SHAWN T. GIBSON                                                  PLAINTIFF

V.

SOLIDEAL USA, INC.                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff asserts a claim for retaliatory discharge in violation of the Kentucky Workers' Compensation Act, KRS Chapter 342. The case was removed to federal court on the basis of diversity jurisdiction. At the close of discovery, Defendant has moved for summary judgment. For the reasons that follow, the Court concludes that Plaintiff's claim cannot succeed.

I.

Plaintiff, Shawn Gibson ("Gibson"), was employed as a service technician for Defendant, Solideal USA, Inc. ("Solideal") since 2005. His job required heavy lifting and other strenuous physical activity. Over the years, Gibson sustained a series of on-the-job injuries. In February, 2009, he sustained a tear to his right shoulder as a consequence of another on-the-job injury. Because he could not perform his regular duty, Solideal placed Gibson on fully paid light duty status. Gibson needed surgery to repair his injured shoulder. However, that surgery was delayed due to a blood clot and the treatment for it. After four months of this status, Gibson still could not perform his regular job duties and had not been released by his doctor to perform those duties. In part due to his inability to have surgery, the time frame for Gibson's recovery remained unknown.

Prior to 2006, Solideal's Louisville branch office contained six or seven full-time employees. By late 2008 and early 2009, Solideal reduced the office to three full-time employees as a consequence of the economic slowdown. Solideal says that Gibson's light duty status caused difficulty because the limited staff in its Louisville office made it difficult to find other employees to perform Gibson's work. Solideal decided it needed to hire another employee to perform Gibson's former job responsibilities. Consequently, on June 30, 2009, Solideal decided to terminate Gibson due to his inability to perform his regular job duties.

Throughout Gibson's light duty, Solideal continued to pay his regular hourly rate as a service technician, even though he was unable to do this job. After his termination, Gibson received regular bi-weekly payments of workers' compensation temporary total disability benefits. Solideal did not contest the temporary total disability payments or challenge its obligation to pay Gibson's medical expenses related to his work-related injuries. Eventually, on November 24, 2009, Gibson filed a formal workers' compensation claim, the purpose of which is to obtain full or partial permanent disability compensation. All of the medical proof in the workers' compensation claim indicated that Gibson could not perform his regular job at Solideal. Eventually, on August 9, 2009, Gibson settled his workers' compensation claim for a lump sum payment of $20,427.19, plus the sums already paid as well as all future medical expenses.

II.

To state a claim for workers' compensation retaliation under KRS 342.197, a plaintiff must first establish a *prima facie* case by demonstrating that (1) he engaged in a protected activity, (2) the employer knew that the plaintiff had done so, (3) adverse employment action was taken, and (4) there was a causal connection between the protected activity and the adverse

employment action.  *Colorama, Inc. v. Johnson*, 294 S.W.3d 148, 152 (Ky. App. 2009); *Brooks v. Lexington-Fayette Urban County Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004).  The fourth element of this test, a causal connection, requires a showing that the claim was a "substantial and motivating factor but for which the employee would not have been discharged."  *Henderson v. Ardco, Inc.*, 247 F.3d 645, 654 (6th Cir. 2001) (citing *First Property Mgmt. v. Zarebidaki*, 867 S.W.2d 185, 188 (Ky. 1993)).

Once a plaintiff has established a *prima facie* case, the burden of production shifts to the employer to articulate a non-retaliatory reason for the adverse employment action.  *Dollar General Partners v. Upchurch*, 214 S.W.3d 910, 915-16 (Ky. App. 2006).  At that point, the burden of production shifts back to the plaintiff to prove by a preponderance of the evidence that the legitimate reasons offered by the employer were not its true reasons but were a mere pretext for unlawful retaliation.  *Id.*

Solideal makes a number of arguments concerning Gibson's failure to establish a *prima facie* case of retaliation, which the Court finds unnecessary to discuss.  The reason is that Solideal has clearly articulated a non-retaliatory reason for terminating Gibson.  Solideal says that it terminated Gibson because he was unable to perform his regular job duties.  All of the medical evidence establishes that Solideal's proferred reason is, in fact, true.  Gibson himself does not contend that he was able to perform his regular duties.  In cases where an employer terminates an employee due to the employee's inability to do the job, the case law has established that the employer is not liable under Kentucky's Worker's Compensation statute.  *See, e.g., Henderson*, 247 F.3d at 654; *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 256 (6th Cir. 1994); *Daniels v. R.E. Michel Co., Inc.,* 941 F.Supp. 629, 631-32 (E.D. Ky. 1996);

3

*Wymer v. JH Prop., Inc.*, 50 S.W.3d 195, 199 (Ky. 2001); *Burd v. Embry's Custom Cabinets, LLC,* 2007 WL 1302633, *2 (Ky. App., May 4, 2007); *Brumfield v. City of Grayson,* 2006 WL 504979, *2 (Ky. App., March 3, 2006).[1] Thus, Gibson cannot prove that his own inability to perform his job was an improper reason for termination.

Because Solideal's stated reason has a proper foundation, both factually and legally, showing that those reasons were a mere pretext is particularly difficult. To make such a showing Gibson would need to show that this stated reason (1) had no basis in fact, (2) did not actually motivate Solideal's challenged conduct, or (3) was insufficient to motivate Solideal's challenged conduct. *Ladd v. Grand Trunk W.R.R., Inc.*, 552 F.3d 495, 502 (6th Cir. 2009); *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). The Court set a reasonable discovery period in this case. Solideal availed itself of the discovery and obtained numerous documents and took various depositions. From all the Court can see, Gibson has not taken any particular discovery, including propounding interrogatories or taking depositions. Perhaps as a consequence, Gibson has not submitted any affidavits or other evidence which would support any basis for pretext. Absent such evidence, no reasonable jury could find that Solideal's stated reasons were pretextual.

The Court has carefully reviewed Gibson's arguments and finds that none of them support the continuation of this case. Moreover, none of them are sufficiently strong to require specific discussion.

---

[1] In fact, in a majority of those cases, the courts find that a employee can not even establish the causal connection element of the prima facie case because the employee's worker's compensation claim was not a substantial motivating factor for the employee's discharge.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record